People v Shah (2025 NY Slip Op 50350(U))

[*1]

People v Shah

2025 NY Slip Op 50350(U)

Decided on March 19, 2025

Criminal Court Of The City Of New York, Kings County

Johnson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Muhammad Shah, Defendant.

Docket No. CR-046935-24KN

People: Kings County District Attorney's Office by ADA Laura Mirabent, Esq.
Defendant: Brooklyn Defender Services by Alexis Hoffman, Esq.

Jevet Johnson, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the People's mandated disclosure renders their certificate of compliance (COC) and their statement of readiness (SOR) illusory.
The People oppose. 
For the reasons explained more fully herein, defendant's motion to dismiss is DENIED.
PROCEDURAL HISTORY
Defendant was arraigned on a misdemeanor complaint filed on November 6, 2024, charging Forcible Touching and related charges. This commenced the running of the ninety-day period, less excludable time, within which the People must be ready for trial pursuant to the requirements of CPL § 30.30(1)(b). On January 9, 2025, the People filed their COC, SOR, and NDF. On January 31, 2025, defense counsel sent a conferral email demanding additional discovery. On February 25, 2025, defense counsel filed the underlying motion.
SPEEDY TRIAL
Once a defendant alleges that the People have failed to announce their trial readiness within the statutory speedy trial time, the People must demonstrate that the disputed adjournments are excludable by reference to a statutory provision. People v. Luperon, 85 NY2d 71, 77-78 (1995); People v. Cortes, 80 NY2d 201 (1992); People v. Santos, 68 NY2d 859 (1986); People v. Berkowitz, 50 NY2d 333 (1980).
The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged. People v. Cortes, supra, at 215-216; People v. Liotta, 79 NY2d 841 (1992); People v. Berkowitz, supra.
CERTIFICATE OF COMPLIANCE
CPL § 245.20(1) provides that, as part of initial discovery, the "prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case." This statute then provides a non-exhaustive list of categories of materials that are subject to disclosure. The COC "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL § 245.50. 
The People have a corresponding obligation regarding their Certificate of Readiness, as a "statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245 of this chapter and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met." CPL § 30.30(5). 
The People have a continuing duty to disclose material and, if they subsequently learn of material that should have been turned over, they are required to turn it over "expeditiously" pursuant to CPL § 245.60. The court, in its discretion, has a vast array of remedies or sanctions for failure to comply with discovery, including preclusion of evidence, an adverse instruction to the jury or dismissal (see CPL § 245.80[2]). Where the People acted with due diligence but nevertheless disclosed material belatedly, the court shall impose an appropriate sanction if the party entitled to disclosure makes a showing of prejudice (see CPL § 245.80[1]). Additionally, "no adverse consequence shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80." CPL § 245.60. 
In any challenge to the People's certification of compliance, the key question is whether the People exercised the requisite level of diligence and made reasonable inquiries to ascertain the existence of the materials. People v. Bay, 41 NY3d 200 (2023). In this case-specific analysis, the court will consider, among other factors: the prosecutor's efforts "to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to the prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. Further, a subsequent filing of a supplemental certificate of compliance cannot cure a discovery failure where the People did not exercise due diligence before the initial certificate was filed. Id. at 212. Finally, when a certificate of compliance is found to be invalid for a lack of due diligence, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on untimely discovery compliance. Id. at 213. 
DISCUSSION
The defendant is accused of grabbing the buttocks of a sixteen-year-old girl on a NYC bus without her consent as she was travelling home from school. The complainant did not immediately report the incident. However, approximately three weeks later when she allegedly encountered the defendant again, and felt that he was continually staring at her, she called her father. Her parents subsequently reported both incidents to the police. The complainant was able to provide the police with the number of the bus as well as a detailed description of the assailant. Armed with this information the NYPD was able to view MTA surveillance video wherein they allegedly observed the defendant staring at the complainant. 
Using both the video and the complainant's detailed description, the NYPD generated a crime stoppers flyer which was distributed along the bus route and in the surrounding neighborhoods. It was also analyzed by the NYPD's facial recognition system without success. Subsequently, the NYPD was notified by the Department of Homeland Security ("DHS") that the flyer had been successfully analyzed by their facial recognition system generating a positive match to the defendant. Furnished with the defendant's identity, the NYPD obtained his photo from The Department of Motor Vehicles. This photo was incorporated into a photo array which was viewed by the complainant. The complainant positively identified the defendant as the individual who grabbed her on the bus.
Defense counsel has demanded that the People produce thirteen items related to the DHS's facial recognition software and argues that this material falls within the purview of the People's automatic disclosure. These items include: the name and contact information for the facial recognition officer; the name and manufacturer of the facial recognition software; the source code for the facial recognition algorithm; the facial recognition vendor tests; screenshot's of the facial recognition software in use; all data generated during performance tests; a copy of the confirmation that there was no hits in the NYPD's facial recognition system; the exact inputs and outputs for the system as it was used in this case; an original copy of the probe photo submitted to the facial recognition software; what parameters were chosen and the documentation describing how they were chosen; a copy of the database photo matched to the probe photo and the rank/confidence score assigned; all information produced by the facial recognition system for every search related to this case; a list of the rank/confidence scores produced by the system; and all reports produced by the analyst or technician who ran the software including any notes made by them. 
The People counter that none of the requested material is in the possession of the NYPD and further argue that it is unrelated to the subject matter of the case. The court agrees. The discovery demanded by defense counsel is maintained by the DHS, not the NYPD, and the DHS is under no compulsion to comply with New York State's discovery laws. Moreover, the DHS's facial recognition software is merely an investigatory tool whose potential flaws are irrelevant to the charges against this defendant. An obvious contrast would be to an Intoxilyzer machine used by police to chemically analyze a defendant's breath after an arrest for Driving While Intoxicated. The result produced by the Intoxilyzer goes to the heart of the case since it not only determines whether a defendant is above the legal limit for consuming alcohol and driving, but it also establishes a necessary element of Driving While Intoxicated; Per Se. Therefore, any potential flaws in the Intoxilyzer's operation would be critical evidence at trial. 
Comparatively, even if defense counsel had access to the requested discovery and was able to identify potential glitches in the DHS's facial recognition software that caused it to generate false positives, the court fails to see how this would advance the defendant's case. Prior to the DHS's facial recognition analysis, the complainant was able to give a detailed description of the defendant to the police who were then allegedly able to observe the defendant staring at the complainant on MTA surveillance video. Subsequently, the complainant was able to positively identify the defendant in a photo array. Unless defense counsel can proffer evidence that the photo array was administered illegally, the complainant's out of court identification will be admissible at trial — the reliability of the DHS's facial recognition software is immaterial.
CONCLUSION
Applying the factors enumerated in Bay, the court finds that defendant's motion to invalidate the People's certificate of compliance is not justified and that the People have acted with due diligence in meeting their discovery obligations. None of the material demanded by defense counsel is within the purview of the People's automatic disclosure. 
The accusatory instrument was filed on November 6, 2024, the People filed their COC and SOR on January 9, 2025, and defense counsel filed the underlying motion on February 25, 2025. As the court finds the People's COC and SOR to be valid, the People are charged a total of sixty-four days. As the People have not exceeded their ninety-day speedy-trial time limitation, the defendant's motion to dismiss is DENIED.
This constitutes the Decision and Order of the court.
Dated: March 19, 2025
ENTER:
Hon. Jevet Johnson
Judge, Criminal Court